1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PERVENIA "PEAR" BROWN, on behalf of herself, DESCENDANTS OF THE 1816 EMIGRANTS FROM BOSTON TO SIERRA LEONE, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRITISH PARLIAMENT, supreme legislative body of the United Kingdom, COMMONWEALTH OF MASSACHUSETTS f/k/a MASSACHUSETTS BAY COLONY, a sovereign state of the United States, CITY OF BOSTON, a City in Massachusetts, ESTATE OF WILIAM PIERCE, owner of the Massachusetts ship Desire, ESTATE OF JOHN WINTHROP, founder of Boston, ESTATE OF JOHN SAFFIN, a colonial New England merchant, and ESTATE OF HUGH HALL, a commission merchant in Boston,<br><br>Defendants. | Case No. C22-517RSM<br><br>ORDER TRANSFERRING VENUE |

This matter comes before the Court *sua sponte* on a review of Plaintiff Brown's Corrected Complaint, Dkt. #4.

ORDER TRANSFERRING VENUE - 1

Under 28 U.S.C. § 1404, this Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 3:12-CV-05502-BHS, 2013 U.S. Dist. LEXIS 12690, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

In the Ninth Circuit, district courts typically apply a nine-factor balancing test to determine whether to transfer a case under § 1404(a), examining: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [] (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state." *Jones*, 211 F.3d at 498-99.

Ms. Brown resides in Western Washington and brings this suit against the Commonwealth of Massachusetts and the City of Boston located in that District. It is unclear why she filed suit in the Western District of Washington. She alleges that Defendants had their principal place of business in Suffolk County, Massachusetts. Complaint at ¶ 1.2. She states

ORDER TRANSFERRING VENUE - 2

"[v]enue is proper in Suffolk County, Massachusetts based on Defendants' residences, businesses and because egregious events material to the causes of action contained herein were 'caused by a vessel on navigable waters' and 'injury suffered on land was caused by a vessel on navigable waters,' which occurred in Suffolk County, Massachusetts." *Id.* at ¶ 1.3. Based on the record before it, the Court is convinced that this case cannot proceed in this district, can only proceed in Massachusetts, and that it would be most convenient to all parties involved and any potential witnesses for the case to proceed there.

      Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby FINDS and ORDERS that this matter is hereby TRANSFERRED to the United States District Court for the District of Massachusetts for all further proceedings.

      DATED this 12th day of July, 2022.

                                            RICARDO S. MARTINEZ
                                            CHIEF UNITED STATES DISTRICT JUDGE